1  **DAVID A. DILLARD, CA Bar No. 97515**
   ddillard@lewisroca.com
2  **CONSTANTINE MARANTIDIS, CA Bar No. 173318**
   cmarantidis@lewisroca.com
3  **G. WARREN BLEEKER, CA Bar No. 210834**
   wbleeker@lewisroca.com
4  **KYLE W. KELLAR, CA Bar No. 294253**
   kkellar@lewisroca.com
5  **LEWIS ROCA ROTHGERBER CHRISTIE LLP**
   **655 N. Central Avenue, Suite 2300**
6  **Glendale, CA 91203-1445**
   **Telephone: (626) 795-9900**
7  **Facsimile:  (626) 577-8800**

8  Attorneys for Plaintiff
   BOBRICK WASHROOM EQUIPMENT, INC.
9

10                  UNITED STATES DISTRICT COURT

11                  CENTRAL DISTRICT OF CALIFORNIA

12

13

14  BOBRICK WASHROOM                     Case No. 2:21-cv-04152
    EQUIPMENT, INC.,
15                                       **COMPLAINT FOR**
              Plaintiff,                 **PATENT INFRINGEMENT**
16
         vs.
17
    GLOBAL SPECIALTIES                    **DEMAND FOR JURY TRIAL**
18  DIRECT INC.; AMERICAN
    SPECIALTIES, INC.; and DOES 1-20,
19
              Defendants.
20

21

22        Plaintiff Bobrick Washroom Equipment, Inc. ("Bobrick" or "Plaintiff")

23  through its undersigned counsel, brings this action against Defendants

24  Global Specialties Direct Inc. ("Specialties Direct") and American Specialties, Inc.

25  ("American Specialties") and DOES 1-20 (collectively, "Defendants").  In support

26  of the Complaint, Plaintiff alleges as follows:

27

28

                               -1-

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

LEWIS ▢ ROCA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURISDICTION AND VENUE**

1.      This is an action for patent infringement pursuant to 35 U.S.C. § 271 *et seq*.  This Court has exclusive subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

2.      This Court has personal jurisdiction over Defendants because, on information and belief, they have done substantial business in this judicial district. Further, Defendant Specialties Direct has a regular and established place of business in this judicial district at 10118 Santa Fe Springs Road, Santa Fe Springs, California 90670.

3.      Venue is proper in this Court under 28 U.S.C. §§ 1391(b)(2), 1391(c)(2), and 1400(b) based on the forgoing facts and because, on information and belief, a substantial part of the acts or omissions giving rise to the claim, including Defendants' acts of infringement, have occurred in this judicial district.

**THE PARTIES**

4.      Bobrick is a corporation organized and existing under the laws of the State of California having a principal place of business at 6901 Tujunga Avenue, North Hollywood, California 91605.

5.      On information and belief, Defendant Specialties Direct is a California corporation having a business address of 10118 Santa Fe Springs Road, Santa Fe Springs, California 90670 and an agent address of 936 61st Street, Oakland, California 94608.

6.      On information and belief, Defendant American Specialties is a New York corporation having a business address of 441 Saw Mill River Road, Yonkers, New York 10701-4913.

7.      On information and belief, Peter M. Rolla is both the president of Defendant Specialties Direct and the Chief Executive Officer of Defendant American Specialties.

114342256.5

1
2
3

8.   On information and belief, the Doe Defendants are as-of-yet unidentified sellers and/or retailers that have sold and/or offered for sale of the Accused Products (as defined below).

4

**FACTUAL BACKGROUND AND NATURE OF ACTION**

5
6
7
8
9

9.   United States Reissued Patent No. RE48,480 ("the '480 Reissue Patent"), titled **"BABY CHANGING STATION,"** was duly issued by the United States Patent and Trademark Office ("USPTO") on March 23, 2021 as a reissue of United States Patent No. 8,365,328 ("the '328 Patent").  A true and correct copy of the '480 Reissue Patent is attached hereto as Exhibit A.

10
11
12
13
14
15

10.   The '328 Patent issued on February 5, 2013.  Claims 1, 10, and 16 of the '328 Patent were amended in the '480 Reissue Patent.  Claim 9 of the '328 Patent was cancelled in the '480 Reissue Patent, and claim 23 was added in the '480 Reissue Patent.  Claim 15 of the '328 Patent was not amended in the '480 Reissue Patent, and thus, claim 15 of the '480 Reissue Patent is at least substantially identical to claim 15 of the '328 Patent.

16
17
18
19
20

11.   Bobrick owned by assignment the entire right, title, and interest in and to the '328 Patent and now owns by assignment the entire right, title, and interest in and to the '480 Reissue Patent.  As the owner of the entire right, title, and interest in and to the '480 Reissue Patent, Bobrick possesses the right to sue and to recover for infringement of the '480 Reissue Patent.

21

12.   The '480 Reissue Patent is directed to a baby changing station.

22
23
24
25
26
27

13.   Figure 1 of the '480 Reissue Patent, which illustrates some non-limiting aspects of some of the claimed embodiments, illustrates a frame 10 comprising a base portion 12 and a platform portion 14.  Figure 1 of the '480 Reissue Patent further illustrates a first stop member 70 and a second stop member 68.  The first stop member 70 extends from a rotatable section of the platform portion 14, the second stop member 68 extends from the base portion 12,

28

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

LEWIS ROCA

114342256.5

and the second stop member 68 is engageable by the first stop member 70 to stop rotation of the rotatable section of the platform portion 14.



FIG.1

14.     Bobrick sells baby supporting devices (also referred to as baby changing stations or changing stations for small persons) embodying the inventions of the '480 Reissue Patent under its well-known Koala Kare® brand.  Since at least May 15, 2020, Bobrick has identified the '328 Patent on its baby changing stations that were covered by the '328 Patent.

15.     The '480 Reissue Patent includes 22 claims, of which claims 1, 10, 15, and 16 are independent.  Independent claim 15 of the '480 Reissue Patent, which is at least substantially identical to claim 15 of the '328 Patent, recites:

> 15.     A baby supporting device comprising:
>
> a frame comprising,
>
> a base portion for mounting onto a wall,
>
> a platform portion pivotally coupled to the base portion,

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

LEWIS ROCA

-4-

114342256.5

said platform portion comprising a rotatable section, wherein at least a portion of said rotatable section rotates about a longitudinal axis, and two spaced apart arms extending from the rotatable section, said rotatable section rotating about the longitudinal axis,

wherein the base portion comprises a bracket, wherein said bracket surrounds at least a portion of and supports said platform portion rotatable section at a location between said arms and allows said platform portion rotatable section to rotate within said bracket relative to said bracket about said longitudinal axis, wherein rotation of said rotatable section causes said platform portion to pivot relative to said base portion,

a first stop member extending from said rotatable section, and

a second stop member extending from said base portion, wherein said second stop member is engagable by said first stop member for stopping the rotation of the rotatable section in a first direction; and

a platform for supporting the baby extending over at least a portion of said frame platform portion, wherein the arms are welded to the rotatable section.

16.     Defendants are currently making, using, offering for sale, and/or selling baby support devices that infringe the '480 Reissue Patent, including at least those identified by model numbers 9013 and 9013-9 (collectively, the "Accused Products"). Defendant American Specialties' website, true and correct copies of two pages of which are attached hereto as Exhibits B and C, show and describe the Defendants' baby supporting devices identified by model numbers 9013 and 9013-9, respectively.

17.     Defendants' baby supporting devices, including at least those identified by model numbers 9013 and 9013-9, each have, either literally or under the doctrine of equivalents, all the elements of at least claim 15 of the '480 Reissue Patent as follows and as described in the chart attached hereto as Exhibit D:

(i)     Defendant American Specialties describes the Accused Products on its website as baby changing stations, which is also a baby supporting device;

-5-

114342256.5

(ii)   The Accused Products have a frame including a base portion for mounting onto a wall and a platform portion pivotally coupled to the base portion.  The platform portion has a rotatable section with at least a portion of the rotatable section being rotatable about a longitudinal axis, and includes two spaced apart arms extending from the rotatable section about the longitudinal axis;

(iii)   The base portion of the Accused Products includes a bracket, and the bracket surrounds at least a portion of and supports the platform portion rotatable section at a location between the arms and allows the platform portion rotatable section to rotate within the bracket relative to the bracket about the longitudinal axis;

(iv)   The rotation of the rotatable section of the Accused Products causes the platform portion to pivot relative to the base portion;

(v)   The frame of the Accused Products further includes a first stop member extending from the rotatable section and a second stop member extending from the base portion.  The second stop member is engageable by the first stop member for stopping the rotation of the rotatable section in a first direction;

(vi)   The Accused Products further include a platform for supporting the baby extending over at least a portion of the frame platform portion, and the arms are welded to the rotatable section.

18.   As further identified in the chart attached hereto as Exhibit D, Defendants' Accused Products each also have, either literally or under the doctrine of equivalents, all the elements of at least claims 1, 10, and 16 of the '480 Reissue Patent.

19.   Accordingly, Defendants have infringed, and continue to infringe, at least claims 1, 10, 15, and 16 of the '480 Reissue Patent by making, using, offering for sale, and/or selling the Accused Products, which embody all of the features of at least these claims of the '480 Reissue Patent.

//

//

//

-6-

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

LEWIS ■ ROCA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CLAIM FOR RELIEF

### (Patent Infringement of U.S. Reissued Patent No. RE48,480)

20.     Bobrick incorporates and re-alleges Paragraphs 1 through 19 of this Complaint as if fully set forth herein.

21.     The USPTO duly issued the '328 Patent on February 5, 2013 and duly reissued the '328 Patent as the '480 Reissue Patent on March 23, 2021.

22.     The '480 Reissue Patent is valid and enforceable.

23.     At least claim 15 of the '480 Reissue Patent is at least substantially identical to claim 15 of the '328 Patent.

24.     Bobrick has, since at least May 15, 2020, marked its products covered by the '328 Patent pursuant to 35 U.S.C. § 287.

25.     Defendants have infringed at least claims 1, 10, 15, and 16 of the '480 Reissue Patent, either literally or under the doctrine of equivalents, by making, using, offering to sell, and/or selling in the United States its baby changing stations, including at least those identified as model numbers 9013 and 9013-9 (referred to above and below as the "Accused Product").

26.     Defendants' infringement of the '480 Reissue Patent has injured Bobrick, and Bobrick is entitled to recover damages adequate to compensate it for Defendants' infringement, which in no event can be less than a reasonable royalty.

27.     Upon information and belief, Defendants' infringement was willful because Defendants made, used, offered for sale, and/or sold, and continue to do the same, the Accused Products despite an objectively high likelihood that their actions constituted infringement of a valid patent, and Defendants knew or should have known of such risk when they infringed the '480 Reissue Patent.

28.     Pursuant to 35 U.S.C. § 284, the Court should award Bobrick treble damages as a result of Defendants' willful infringement.

29.     Defendants' infringement of the '480 Reissue Patent is exceptional. Accordingly, pursuant to 35 U.S.C. § 285, Bobrick is entitled to recover from

114342256.5

Defendants its reasonable attorneys' fees and costs incurred in prosecuting this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment as follows:

1.    That Defendants have infringed the '480 Reissue Patent;

2.    That Defendants' infringement of the '480 Reissue Patent has been willful;

3.    Entry of a permanent injunction against further infringement of the '480 Reissue Patent;

4.    An award of damages adequate to compensate Plaintiff for Defendants' infringement of the '480 Reissue Patent, including pre-judgment interest and costs;

5.    An Order requiring Defendants to account for and pay to Plaintiff any and all profits made by Defendants from their sales of the Accused Product pursuant to 35 U.S.C. § 289;

6.    An award of all other damages permitted by 35 U.S.C. § 284;

7.    A determination that this is an exceptional case within the meaning of 35 U.S.C. § 285 and an award to Plaintiff of its costs and reasonable attorneys' fees incurred in this action; and

8.    Such other relief as this Court deems just and proper.

Dated:  May 18, 2021          Respectfully submitted,
LEWIS ROCA ROTHGERBER CHRISTIE LLP

By   /s/ Kyle W. Kellar       
    David A. Dillard
    Constantine Marantidis
    G. Warren Bleeker
    Kyle W. Kellar

    Attorneys for Plaintiff
    Bobrick Washroom Equipment, Inc.

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

LEWIS ROCA

114342256.5

**JURY DEMAND**

Plaintiff requests a jury trial of all issues in this action so triable.


Dated:  May 18, 2021                    Respectfully submitted,

                                        LEWIS ROCA ROTHGERBER CHRISTIE LLP

                                        By  /s/ Kyle W. Kellar
                                        David A. Dillard
                                        Constantine Marantidis
                                        G. Warren Bleeker
                                        Kyle W. Kellar

                                        Attorneys for Plaintiff
                                        Bobrick Washroom Equipment, Inc.

114342256.5